FILED'10 NOV 15 09:26USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ANTHONY JAMES MEYERS,                          Civ. No. 09-6276-AA

       Plaintiff,                          OPINION AND ORDER

  v.

NATIONAL RAILROAD PASSENGER
CORPORATION, a corporation
doing business as AMTRAK; and
FREDERIC CARROLL,

       Defendants.
_____

Claud Ingram
P.O. Box 7941
Eugene, OR 97401
       Attorney for plaintiff

James L. Hiller
Hitt Hiller Monfils Williams LLP
411 SW 2nd Avenue, Ste. 400
Portland, OR 97204
       Attorney for defendants


1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Anthony James Myers filed suit seeking damages against defendants for breach of contract and intentional infliction of emotional distress. Defendants National Railroad Passenger Corporation and Frederic Carroll ("Amtrak") move for summary judgment, arguing that plaintiff's complaint fails to state a claim on which relief can be granted. Defendants' motion is granted in part and denied in part.

## I. BACKGROUND

The following facts are not in dispute and are taken from both parties' submitted briefings.

On October 20, 2008, plaintiff was a passenger on an Amtrak train operated by defendant National Railroad Passenger Corporation, traveling from Portland, Oregon, to Merced, California.

Amtrak has a strict no-smoking policy. Plaintiff had utilized Amtrak's rail transport services prior to October 20, 2008, and was familiar with this policy.

Plaintiff was in the lounge car and talking with five other passengers. One of the female passengers shared with the group that she had a tattoo in a private area, and offered to show them her tattoo. Plaintiff, the female, and three other men went into the single-occupancy, handicap restroom in the lounge car to see the tattoo.

2 - OPINION AND ORDER

While plaintiff was in the bathroom, he observed one of the men show another passenger what appeared to be a baggie of marijuana.

Meanwhile, defendant Frederic Carroll, an Amtrak conductor, and two other Amtrak employees allegedly smelled marijuana smoke coming from the lounge car bathroom. Upon investigation, defendant Carroll discovered the group in the bathroom, including plaintiff. The passengers in the bathroom pushed past Carroll and dispersed to various parts of the train.

Soon after the bathroom occupants fled, Carroll located plaintiff on the train. Carroll recognized plaintiff as being one of the bathroom occupants by the large, distinctive earrings he was wearing.

Carroll asked the train engineer to contact the local police department in the next town of Oakridge, Oregon. Carroll intended for the Oakridge police to remove plaintiff from the train for being part of the group in the lounge car bathroom who he believed was smoking marijuana.

At Oakridge, the police boarded the train and removed plaintiff. The police did not arrest him, but instead took him to a local church, where he received a dinner voucher and a place to spend the night.

The next morning, plaintiff took the bus back to Eugene and was picked up by his girlfriend.

3 - OPINION AND ORDER

Plaintiff alleges that Amtrak breached the contract between Amtrak and plaintiff by removing plaintiff from the train and failing to transport him to his destination. He also alleges intentional infliction of emotional distress (IIED) resulting from Amtrak's conduct during the incident. He is seeking $625.00 in economic damages for breach of contract and $100,000 in non-economic damages for IIED.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(C)). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence

4 - OPINION AND ORDER

of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

### III. DISCUSSION

**A. BREACH OF CONTRACT**

Plaintiff purchased a ticket to ride on Amtrak's train on October 20, 2008. Plaintiff maintains that this ticket represented a contract that Amtrak breached by causing his removal from the train.

The passenger-carrier relationship is a contract relationship. Radley v. Columbia S.R. Co. 44 Or. 332, 337 (1903), Wabash R. Co. v. Davidson, 168 F. 2d 300, 303 (6th Cir. 1903). The relationship may exist by express or implied contract. Neidart v. Portland Stages, Inc., 232 Or. 514, 376 P.2d 92 (1962). The passenger holds himself out to the carrier for transport and the carrier accepts him as a passenger. Radley v. Columbia S.R. Co., 44 Or. at 337. The assent of both parties is required. Wabash R. Co. v. Davidson, 168 F. 2d at 303.

Amtrak does not dispute the existence of a contractual relationship. Rather, Amtrak contends that plaintiff knew of Amtrak's no-smoking policy and he breached their contract by smoking marijuana in the train bathroom. Amtrak maintains that three employees smelled marijuana coming from the lounge car

5 - OPINION AND ORDER

bathroom where, defendant Carroll contends, he saw plaintiff holding a marijuana cigarette. Amtrak also argues that plaintiff was removed for being amongst a <u>group</u> of people smoking marijuana in the bathroom. Therefore, Amtrak maintains it committed no breach by removing plaintiff from the train.

Plaintiff contends that he did not possess, smoke or use marijuana while on the train and that Amtrak caused his removal for no reason. Plaintiff admits that at least three other men were in the bathroom when plaintiff entered and that one of the bathroom occupants revealed a bag of marijuana, but that no one smoked marijuana while he was in the bathroom. Interrogatory No. 3 and Pl.'s Resp.; Pl. Dep., p. 22; Pl. Decl. p. 2. Plaintiff further denies smoking or possessing marijuana on the train, and he denies that anyone who was in the bathroom with him was smoking on the train. Thus, whether plaintiff smoked or possessed marijuana on the train is a disputed, material fact.

Amtrak presents no evidence of company policies beyond alleging a non-smoking policy, nor does Amtrak present evidence that it may remove passengers for associating with others who violate Amtrak policies. Because a genuine issue of material fact exists as to whether plaintiff and the group of people smoked while on the train, Amtrak's motion for summary as to the breach of contract claim is denied.

///

6 - OPINION AND ORDER

## B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff also alleges intentional infliction of emotional distress (IIED) against Amtrak and Carroll.

To establish a claim for IIED under Oregon law, plaintiff must show that: 1) defendant intended to cause plaintiff severe emotional distress or knew with substantial certainty that his conduct would cause such distress; 2) defendant's conduct extraordinarily transgressed the bound of socially acceptable behavior; and 3) plaintiff in fact suffered severe emotional distress. McGanty v. Staudenraus, 321 Or. 532, 543, 550-51, 901 P.2d 841 (1995); Checkley v. Boyd, 198 Or. App. 110, 123 (2005). I find that no genuine issue of material fact exists as to the viability of this claim.

The intent element is satisfied if the plaintiff presents evidence that the defendant acted with the purpose of inflicting the severe emotional distress on the plaintiff. McGanty, 321 Or. at 542. That the defendant intentionally acted in a way that causes such distress is not enough. Id. Plaintiff claims that defendants intentionally caused him distress by removing him from the train, or alternatively that they knew with substantial certainty that their conduct would cause him distress. Plaintiff alleges that it is "common knowledge that dumping a passenger from a train in late evening over 600 miles from home in a strange community with almost no money on his person is

7 - OPINION AND ORDER

substantially certain" to cause severe emotional distress. Pl. Memo. in Opp., p. 4. However, plaintiff testified that Carroll did not intend to cause him distress. Pl.'s Dep., p. 14. Moreover, plaintiff has not alleged any ulterior motives Carroll might have had for his removal. Plaintiff does not present sufficient facts that defendants intended or knew with substantial certainty that severe emotional distress would result from their conduct under the circumstances. Thus, the intent element is not met.

Additionally, none of the conduct described in the record supports a finding that defendants' conduct was sufficiently outside the bounds of socially tolerable conduct to support a claim for intentional infliction of emotional distress. Whether a plaintiff's allegations amount to an extraordinary transgression of the bounds of socially tolerable conduct is a question of law. Harris v. Pameco Corp., 170 Or. App. 164, 12 P.3d 524, 529 (2000). "'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" House v. Hicks, 218 Or. App. 348, 358, 179 P.3d 730, 736 (2008) (quoting Restatement (Second) of Torts § 46 comment d (1965)). In other words, "conduct that is negligent, mistaken, or otherwise remiss, rather than deliberate, intentional, or

8 - OPINION AND ORDER

engaged in by design will not support a claim for IIED." <u>Delaney v. Clifton</u>, 180 Or. App. 119, 136-37, 41 P.3d 1099, 1110 (2002). The conduct must be "outrageous in the extreme." <u>Hetfeld v. Bostwick</u>, 136 Or. App. 305, 308, 901 P.2d 986 (1995).

Defendants' alleged conduct was not outrageous in the extreme. Amtrak, like any carrier, has the power to remove a passenger who does not comply with its policies. Even if Carroll was mistaken in causing plaintiff's removal from the train, this conduct is not outrageous enough to support an IIED claim.

Lastly, plaintiff provides no evidence that he actually suffered severe emotional distress. Severe emotional distress and evidence of that distress is a required element of a claim for IIED. <u>Kraemer v. Harding</u>, 159 Or. App. 90, 110-111, 976 P.2d 1160 (citing <u>Rockhill v. Pollard</u>, 259 Or. 54, 63-64, 485 P.2d 28 (1971)). When examining the severity of the distress, the intensity and duration are important factors. <u>Id</u>. at 111, n. 11.

In <u>Miller v. D.F. Zee's</u>, 31 F. Supp. 2d 792 (D. Or. 1998), this court denied summary judgment on plaintiffs' IIED claims where the plaintiffs alleged difficulty sleeping, vomiting before and after work, nightmares, loss of weight and appetite, and anxiety and humiliation. Plaintiff in this case fails to allege severe emotional distress remotely similar to the <u>Miller</u> plaintiffs. Plaintiff merely alleges that it was difficult and unpleasant for him to explain why he was removed from the train.

9 - OPINION AND ORDER

This is not enough; plaintiff does not describe any lasting physical or emotional consequences of the incident. Furthermore, plaintiff admits that his confrontation with Carroll lasted only a few minutes and the incident lacked any hostility or aggression.

Even viewing all of the facts in a light most favorable to the plaintiff, no genuine issue of material fact exists as to plaintiff's claim for IIED. Plaintiff presents no evidence of intent, emotional distress, or outrageous conduct to survive a motion for summary judgment on his IIED claim. Thus, summary judgment is granted as to his IIED claim.

## IV. CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment (doc. 17) is GRANTED in part and DENIED in part. Plaintiff failed to submit evidence sufficient to survive summary judgment as to the IIED claim, and defendants' motion for summary judgment as to the IIED claim is GRANTED. However, I find that a genuine issue of fact remains with respect to breach of contract and defendants' motion is DENIED as to this claim.
IT IS SO ORDERED.

Dated this 12th day of November, 2010.

_____
Ann Aiken
Chief United States District Judge